IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL JONES,** | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-405-GPM |
| | ) |
| **UNITED STATES OF AMERICA,** | ) CRIMINAL NO. 01-30154-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Before the Court are three motions recently filed by Petitioner. First is his motion for copies of all transcripts from this case, as well as for a copy of his original filings (Doc. 9). As no hearings have been held in this matter, there are no transcripts to be copied. As for a copy of his original pleadings, the Court **ADVISES** Petitioner that the Clerk of Court charges 50¢ per page to make copies. Petitioner's original motion (Doc. 1) is six pages in length; the supporting memorandum filed at the same time (Doc. 2) is 24 pages long. At 50¢ per page, copies of those documents will cost $15.00. Therefore, if Petitioner wishes to have those copies made, he must submit a written request to the Clerk, accompanied by payment in advance of $15.00 for those copies. Because no payment was sent with this motion, the motion for copies is **DENIED**.

Next is Petitioner's motion for reconsideration (Doc. 10), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; this motion was followed shortly by a motion to amend that motion for reconsideration (Doc. 11). The motion to amend (Doc. 11) is **GRANTED**; the Court will consider those arguments in conjunction with those contained within the Rule 59(e) motion. Such

a motion may only be granted if movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

The essential argument presented in the instant motion is Petitioner's assertion that his plea agreement was not knowing and voluntary due to counsel's perceived ineffectiveness. Because he now claims that his plea agreement was not knowing and voluntary, he also claims that the provision in which he waived his right to challenge his sentence is unenforceable. However, as noted in the Court's previous order (Doc. 7), the Seventh Circuit Court of Appeals already found that "he knowingly and voluntarily signed the plea agreement and pled guilty." *United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004). With a finding that the plea agreement was knowing and voluntary, along with a finding that the waiver of his right to file a direct appeal was enforceable, *id.*, it follows that the waiver provision also is enforceable with respect to filing a motion under 28 U.S.C. § 2255.

Accordingly, the Court remains persuaded that its ruling dismissing the case as barred by the waiver provision in the plea agreement was correct. Therefore, the Rule 59(e) motion (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 04/25/06

                                         s/ G. Patrick Murphy
                                         G. PATRICK MURPHY
                                         Chief United States District Judge